UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHERMAN RAINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:04CV550 RWS |
| | ) |
| JOHN E. POTTER, | ) |
| | ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

This matter is before me on plaintiff's motion for leave to amend his complaint. Plaintiff seeks leave to amend his Title VII discrimination and retaliation complaint to add his supervisors and acting supervisors as defendants. Leave to amend will be denied as futile because Title VII provides a remedy only against an "employer." The Eighth Circuit Court of Appeals has held that "a supervisor may not be held liable under Title VII." Roark v. City of Hazen, Ark., 189 F.3d 758, 761 (8th Cir. 1999) (citing Bonomolo-Hagen v. Clay Central-Everly Community School District, 121 F.3d 446, 447 (8th Cir. 1997)) ("supervisors may not be held individually liable under Title VII."); see also Spencer v. Ripley County State Bank, 123 F.3d 690, 691-92 (8th Cir. 1997) (per curiam). Because these proposed additional defendants cannot be held individually liable under Title VII as a matter of law, the Court will deny plaintiff leave to assert these frivolous claims.

Plaintiff has also filed a motion to deny defendant's motion to substitute counsel. I granted defendant's motion on July 8, 2005, so plaintiff's motion will be denied. As I explained at length in that Order, defense counsel Suzanne Moore is now counsel of record for defendant and is designated as lead counsel for mediation.

Finally, plaintiff has filed a motion complaining about his treatment by members of the Clerk's Office. Plaintiff believes that he is being treated unfairly because the Clerk's Office has returned discovery documents and other documents that lacked a certificate of service. Plaintiff's belief is unfounded. I have explained to plaintiff in numerous orders that he is required to comply with the Local and Federal Rules of Civil Procedure. These rules require all documents to contain a certificate of service and prohibit the filing of discovery materials. The Clerk's Office was complying with these rules by returning these documents to plaintiff. Because discovery materials are not to be filed with the Court, I am denying plaintiff's motion to enter exhibits and his expert witness disclosures into the record.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to amend [#68 and #71] , motion to deny motion to substitute counsel [#69], motion for Court to review this pleading [#70], motion to enter exhibits [#72] and motion to enter expert witness disclosures [#73] are denied.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 15th day of July , 2005.