UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHERMAN RAINES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CV550 RWS |
| ) | |
| JOHN E. POTTER, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

Plaintiff was employed as a City Carrier for the United States Postal Service from May 1, 1982 until October 23, 2001. In this pro se action, plaintiff alleges that the postal service discriminated against him on the basis of his race (African-American), sex (male) and disability and retaliated against him by sending him home from work on three separate days. Defendant moves for summary judgment, contending that he is entitled to judgment as a matter of law on all counts of the complaint. Defendant also contends that plaintiff's failure-to-promote claim, as well as any other new allegations of discrimination asserted for the first time in opposition to summary judgment, are barred for failure to exhaust his administrative remedies.

After careful review of the entire record in light of the relevant legal standards, I find no evidence that plaintiff was subjected to intentional

discrimination or retaliation.  Moreover, plaintiff's failure-to-promote claim and other allegations of discrimination are barred for failure to exhaust administrative remedies.  For these reasons, I will grant summary judgment in favor of defendant.  My analysis follows.

## Standards Governing Summary Judgment

In determining whether summary judgment should issue, I must view the facts and inferences from the facts in the light most favorable to plaintiff.  <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).  Defendant has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  Once defendant has met this burden, plaintiff cannot rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  <u>Celotex</u>, 477 U.S. at 323.  Under these standards I review the facts in this case.

## Undisputed Facts

Plaintiff was employed by defendant as a City Carrier worker at the Marian

Oldham Station in St. Louis, Missouri from May 1982 until October 23, 2001. As a City Carrier, plaintiff was required to wear a postal uniform that included a collared shirt. On July 30, 1998, plaintiff did not wear his uniform shirt to work, claiming that had a neck condition that prevented him from wearing it. Although plaintiff had made this claim before and had provided medical documentation indicating that he should avoid wearing shirts with collars due to irritation or sensitivity on the left side of his neck, he often worn collared shirts -- including his collared uniform shirt -- during his employment. This medical documentation, however, was conflicting and not up-to-date on July 30, 1998. Accordingly, one of plaintiff's supervisors, Bruce Moore, told plaintiff to wear the proper uniform. Plaintiff ignored this order and showed up for work the next day without wearing his collared uniform shirt. Cora James, plaintiff's managing supervisor, told plaintiff that he needed to furnish updated medical documentation demonstrating that he was unable to wear collared shirts and sent him home until he provided the appropriate medical information or returned in proper uniform. Plaintiff came back to work on August 4, 1998, with a doctor's note that he was not to wear "tight collars" on his shirts. The restriction was indefinite but "temporary." Based on this note, defendant allowed plaintiff to return to work without wearing the required collared shirt.

On February 1, 2000, plaintiff and two of his co-workers were working

together at the Marian Oldham Station and became loud. When Denise Chisom-Butler, the acting supervisor, ordered them to keep the noise down, plaintiff became belligerent and started to yell loudly that she could not make him be quiet. Chisom-Butler instructed plaintiff to quiet down and told him that if he could not follow her orders, then he should clock out and go home. Rather than comply with his supervisor's directive, plaintiff left work. His co-workers quieted down and stayed at work. Plaintiff returned to work the next day and started yelling at Chisom-Butler while towering over her desk. Once again, Chisom-Butler told plaintiff to quiet down or go home. Plaintiff chose to leave work rather than obey her order.

Plaintiff filed an EEO complaint alleging discrimination based on race, sex, disability and retaliation because he was sent home for not having a collar on his shirt and was placed off the clock for two days for talking too loudly. He did not allege a "failure-to-promote" claim. Plaintiff requested a hearing before an Administrative Law Judge, who issued a Recommended Decision denying plaintiff's claims without a hearing. After defendant issued a Notice of Final Action implementing the ALJ's decision, plaintiff appealed to the EEOC's Office of Federal Operations. The Office of Federal Operations affirmed defendant's Notice of Final Action. Thereafter, plaintiff filed the instant action pro se.

## **Discussion**

Failure-to-Promote Claim

Defendant contends that it is entitled to summary judgment on the failure-to-promote claim -- as well as any new allegations of discrimination raised in opposition to summary judgment -- for failure to exhaust administrative remedies. I agree. Before bringing discrimination claims, federal employees must exhaust available administrative remedies. Bailey v. U.S. Postal Service, 208 F.3d 652, 654 (8th Cir. 2000) (Title VII claims); Morgan v. U.S. Postal Service, 798 F.2d 1162, 1165 (8th Cir. 1986) (Rehabilitation Act claims). "'Only the claims raised in this pre-complaint counseling (or issues or claims like or related to issues or claims raised in the pre-complaint counseling) may be alleged in a subsequent complaint filed with the agency.'" Patrick v. Henderson, 255 F.3d 914, 915 (8th Cir. 2001) (quoting 29 C.F.R. § 1614.105(b)(1)).

Plaintiff's failure-to-promote claim and his new allegations of discrimination contained in his opposition to summary judgment are not "like or reasonably related to" his claims of race, disability and retaliation discrimination. These allegations grow out of unrelated incidents that occurred at different time periods[1] and were not the subject of the ALJ's decision denying plaintiff's claims. Because plaintiff's

---

[1] Although difficult to discern, it appears that in his opposition to summary judgment plaintiff is complaining about incidents that took place in 1995 and 1999 involving photographs.

EEO Charge did not provide sufficient notice of his failure to promote and other discrimination claims, they are barred for failure to exhaust administrative remedies. See Russell v. TG Missouri Corp., 340 F.3d 735, 748 (8th Cir. 2003); Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994).

### Racial and Sex Discrimination Claims

Plaintiff alleges that he was discriminated against based on race and sex. Because there is no direct evidence of discriminatory intent, I will analyze his disparate treatment claims using the analytical framework of burden shifting developed in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and later refined in Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981), and St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993). See Griffith v. City of Des Moines, 387 F.3d 733, 736 (8th Cir. 2004) (burden-shifting framework remains appropriate method to decide summary judgment motions).

To establish a prima facie case of racial discrimination, a plaintiff must show that: (1) he was a member of a protected group; (2) he was meeting the legitimate expectations of his employer; (3) he suffered an adverse employment action; and (4) similarly situated employees who are not members of the protected group were treated differently. See Clark v. Runyon, 218 F.3d 915, 918 (8th Cir. 2000). The prima facie case creates a rebuttable presumption of discrimination. Burdine, 450

U.S. at 254.

Once the plaintiff has created this rebuttable presumption, the defendant must advance a legitimate, non-discriminatory reason for the termination. St. Mary's Honor Center, 509 U.S. at 506-08. Defendant's burden is one of production -- not proof. Burdine, 450 U.S. at 254-55; Krenik v. County of Le Sueur, 47 F.3d 953, 958 (8th Cir. 1995). The defendant need not persuade the court; rather, it must simply provide some evidence of a nondiscriminatory reason or reasons for its action. St. Mary's Honor Center, 509 U.S. at 509. Upon the proffer of such evidence, the plaintiff then has the opportunity to show that the employer's purported reasons for the termination were merely a pretext for discrimination. Rothmeier v. Investment Advisers, Inc., 85 F.3d 1328, 1332 (8th Cir. 1996). Plaintiff may either prove pretext directly, by showing that his employer was more likely motivated by a discriminatory reason, or indirectly, by showing that his employer's explanation is unworthy of credence. Rose-Maston v. NME Hospitals, Inc., 133 F.3d 1104, 1108 (8th Cir. 1998). However, a showing of pretext may not necessarily be enough. The factfinder's rejection of the defendant's proffered nondiscriminatory reasons permits, but does not compel, the inference of the ultimate fact of intentional discrimination. St. Mary's Honor Center, 509 U.S. at 511. The plaintiff at all times bears the ultimate burden of establishing the existence

of facts which if proven at trial would permit a jury to conclude that intentional discrimination was the true reason for the defendant's action.  Id. at 507-08.

For summary judgment purposes only, I will assume that plaintiff can make his prima facie case with respect to racial and sexual discrimination claims.  The burden then shifts to defendant to articulate a non-discriminatory reason for its actions.  Defendant has discharged this burden by asserting that plaintiff was sent home for failing to wear the appropriate uniform and that he elected to leave work after his supervisor told him to quiet down or leave.  Plaintiff therefore must demonstrate that the purported reasons for these actions were simply a pretext for discrimination.  Plaintiff offers no evidence to meet this burden.

Plaintiff argues that the complained-of actions were based on sex and race merely because two of his supervisors are female and one of them is also white.  These facts, however, do not demonstrate that defendant's actions were a pretext for discrimination.  Plaintiff also attempts to support his allegations of discrimination by arguing that he was treated differently than white female employees, whom he claims were allowed to wear non-regulation uniforms.  While this type of evidence can be used to defeat summary judgment on a discrimination claim, see Gilmore v. AT&T, 319 F.3d 1042, 1046 (8th Cir. 2003), the argument fails here because plaintiff was not similarly situated to his white female co-workers.  The undisputed

evidence demonstrates that the knee braces worn by these two women were not prohibited by uniform regulations, in contrast to the collarless shirts worn by plaintiff. Nor can plaintiff argue that he was similarly situated to his co-workers on the two days that he clocked out rather than obey his supervisor's directive to quiet down. Unlike plaintiff, his co-workers actually followed their supervisor's order to quiet down and for that reason remained at work. Because the record is devoid of any evidence to suggest that defendant's actions were the result of racial or sex-based animus, judgment as a matter of law will be granted in favor of defendant on plaintiff's race and sex discrimination claims.

<u>Disability Discrimination Claims</u>

Rehabilitation Act discrimination cases are analyzed under the same standards used in cases applying the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101 <u>et seq.</u> <u>See</u>, 29 U.S.C. § 794(d); <u>Allison v. Department of Corrections</u>, 94 F.3d 494, 497 (8th Cir. 1996). For this reason, "cases interpreting either are applicable and interchangeable . . . ." <u>Id.</u> The Rehabilitation Act prohibits employers from discriminating against qualified individuals who are disabled because of a disability. 29 U.S.C. § 794(a). To prove a claim under the Rehabilitation Act or the ADA, plaintiff must show that he is disabled within the meaning of the statute, that he is qualified, with or without accommodation, to

perform the essential functions of the job, and that he has suffered an adverse employment action because of the disability. See Benson v. Northwest Airlines, Inc., 62 F.3d 1108, 1112 (8th Cir. 1995).

A disability is "'(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.'" Fjellestad v. Pizza Hut of Am., Inc., 188 F.3d 944, 948-49 (8th Cir. 1999) (quoting 42 U.S.C. § 12102(2)). "Major life activities include caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working, as well as sitting, standing, lifting, and reaching." Cooper v. Olin Corp., Winchester Div., 246 F.3d 1083, 1088 (8th Cir. 2001) (internal citation omitted). "Substantially limits" means unable to perform a major life activity that the average person in the general population can perform, or significantly restricted as to the condition, manner, or duration under which an individual can perform a particular major life activity as compared to an average person in the general population. 29 C.F.R. § 1630.2(j)(1)(i)-(ii). The following factors are considered in determining whether a person is substantially limited in a major life activity: (1) the nature and severity of the impairment; (2) its duration or anticipated duration; and (3) its long-term impact. § 1630.2(j)(2)(i)-(ii).

Defendant contends that plaintiff cannot prevail on his disability discrimination claim as a matter of law. I agree. In this case, plaintiff has offered no evidence to demonstrate that he is disabled. Plaintiff has not even alleged -- and has certainly not made the required showing necessary to withstand summary judgment -- that his neck sensitivity limits one or more of his major life activities. In fact, plaintiff has provided no information about the nature, severity or expected duration of his impairment. The only evidence in the record of plaintiff's alleged impairment is the medical restriction indicating that plaintiff should avoid "tight shirt collars" on a "temporary" basis. This evidence is insufficient as a matter of law to demonstrate a disability under the Rehabilitation Act. Because plaintiff has come forward with no evidence demonstrating that he is disabled, his Rehabilitation Act claim fails as a matter of law. Summary judgment will be granted in favor of defendant on plaintiff's disability discrimination claim.

<u>Retaliation Claim</u>

To establish a prima facie case of retaliatory discrimination under Title VII, plaintiff must show: (1) that he engaged in statutorily protected activity, (2) an adverse employment action was taken, and (3) a causal connection between the two events. See <u>Bassett v. City of Minneapolis</u>, 211 F.3d 1097, 1104-05 (8th Cir. 2000); <u>Kim v. Nash Finch Co.</u>, 123 F.3d 1046, 1063 (8th Cir. 1997). In this case, plaintiff offers no evidence to demonstrate that defendant's actions were casually

connected to his prior EEO activity.  The mere fact that plaintiff had filed previous discrimination complaints while employed by defendant does not raise the inference that the complained-of conduct at issue here was in any way related to his prior EEO activity.  Because plaintiff offers no evidence of a casual connection between his prior complaints of discrimination and defendant's actions, his retaliation claim fails as a matter of law.  Summary judgment will be entered in favor of defendant on plaintiff's retaliation claim.

Finally, defendant has moved for sanctions against plaintiff in an attempt to curtail his disruptive and abusive conduct toward members of the Clerk's Office and the United States Attorney's Office and his frivolous filings before this Court.  While I do not condone plaintiff's behavior, in light of my ruling today I will deny the motion for sanctions.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss and for summary judgment [#77] is granted, and plaintiff's complaint is dismissed with prejudice.

**IT IS FURTHER ORDERED** that defendant's motion for sanctions [#94] is denied.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of January , 2006.